Contracts; changes; subcontractor's interpretation; value engineering change proposal; rock excavation; rema/nd- to board. — Plaintiff, on bebalf on its caisson subcontractor, seeks Wunderlich Act review of a decision of tbe Armed Services Board of Contract Appeals (reported at 74-1 BCA para. 10442) denying plaintiff an equitable adjustment in contract price claimed for alleged additional rock excavation work required by the Government. Tbe contract was a fixed-price, competitively bid contract for construction of the second phase of a medical biological research laboratory at Fort Detrick, Maryland. Tbe claim presented to tbe Board (which it rejected on several grounds) rested on tbe contention that in requiring tbe contractor to excavate beyond the point of bearing rock defendant bad not only departed from what tbe contractor bad proposed but bad imposed a unilateral enlargement in contract requirements for which tbe contractor was entitled to additional compensation. On September 30,1976 Trial Judge John P. Wiese filed a recommended opinion (reported in full at 21 CCF para. 84250) concluding that tbe Board’s decision should be reversed. On September 30,1976 tbe court entered the following order:
Before CowEN, Chief Judge, Dureee, Senior Judge, and SkeltoN, Judge.
“This case comes before tbe court on Defendant’s Bequest for Beview of the recommended decision of Trial John P. Wiese, pursuant to Buie 166 (c).
*315 “Upon consideration of the motions and briefs of the parties, the coiu*t agrees with the trial judge’s recommended decision (copies of which have been furnished to the parties), except for the modification stated below.
“As modified, his recommended decision is adopted by the court as the basis for its decision. Accordingly, the decision of the Armed Services Board of Contract Appeals is reversed ; the government is not entitled to a price credit from the contractor as determined by the Board and the contractor is entitled to an equitable adjustment in accordance with this decision. Therefore, judgment is entered for the plaintiff and the case is remanded to the Board, under Buie 149, for proceedings to determine the quantum of the equitable adjustment to which the plaintiff is entitled. Further proceedings in this court are stayed for 6 months. Counsel for plaintiff is designated to advise the court of the status of proceedings as required by Buie 149 (f).
“Those portions of the trial judge’s recommended decision entitled ‘Future Proceedings’ and ‘Conclusion’ are deleted and the following is substituted therefor:
“On the basis of facts which have been stipulated by the parties or are undisputed, the court makes the following additional findings of fact which are to be used as a basis for the Board’s determination of the quantum of recovery:
“1. Background Bata: The total rock excavation (overburden excluded) indicated on the caisson data sheets was, as stipulated, 2,482.5 lineal feet. This figure represents the sum of the differences between the ‘top of rock’ elevations and the ‘bottom of caisson’ elevations that were given for each of the caissons. In turn, this figure for total rock has two components: from top of rock to the elevation at which the socket rock begins, there were 1,379.5 lineal feet of excavation and from top of socket elevation to the bottom of the caisson, the excavation amounted to 1,103.0 lineal feet. These figures reflect the additional excavation that the eight double caissons required.
“2. The Subcontractor’s Bid: Johnson’s bid was premised upon the excavation of 1,402 lineal feet of rock, i.e., the bid assumed excavation to the point of firm rocks (1,379.5 lineal *316 feet per 1 above) plus socketing to some minor extent (22.5 lineal feet).
“3. The Quantity Exemated: The parties stipulated that the total amount of rock excavation actually performed in this case was 1,929 lineal feet. This means that all rock above the point of firm rock was removed (1,379.5 lineal feet per 1 above) plus 549.5 lineal feet of firm rock or socket rock. These same figures, assessed against Johnson’s bid, establish that the subcontractor was required to excavate 527 lineal feet more than it had anticipated.
“For its determination of the amount of the equitable adjustment due plaintiff, the Board is directed as follows: Although the subcontractor Johnson was required to excavate 527 lineal feet more than it anticipated in its bid, the 527 lineal feet do not constitute the excess excavation for which the contractor is entitled to an equitable adjustment. Under the provisions of the contract as interpretated by the court and as shown by the parties’ exhibits, the load requirements for certain of the caissons (given an assumed bearing value of 50 TSF) were such that some socketing was necessary in order to provide the requisite support. The 527 lineal feet of socketing in excess of the footage calculated by the subcontractor in its bid should be reduced by the amount of excavation needed for those particular caissons. The quantity that remains after this reduction represents the excess excavation for which the contractor is entitled to an equitable adjustment.
“The Board’s decision shows that during the time the subcontractor, Johnson, used core barrels (i.e., the equipment that was used before the introduction of the magnum drill rig), the progress of the work was not in accordance with the schedule that the subcontractor had planned to achieve. To the extent that such schedule slippage was due to the subcontractor’s failure to use adequate equipment or other causes than the excessive excavation which the government was then requiring, such other causes should be taken into account by the Board in determining the additional performance time and costs for which the government is responsible. Since the subcontractor’s ‘booked’ costs may mask ineffi *317 ciencies attributable to its initial use of core barrels, the Board should bear and consider other evidence of the reasonable cost of performing the extra excavation with the use of a magnum drill.”